CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA ·
FILED

AUG 2 7 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MARION LEA BEA,** | ) | Civil Action No. 7:10-cv-00373 |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MS. K ROBINETTE, et al.,** | ) | **By: Hon. James C. Turk** |
| **Defendants.** | ) | **Senior United States District Judge** |

Plaintiff Marion Leon Bea, a Virginia inmate proceeding pro se, filed a civil rights

complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Bea

alleges that Keefe Commissary Network Sales and its manager violate federal law by not

repairing his earbuds or refunding their purchase price. Bea also applies to proceed without

prepayment of the $350.00 filing fee. Upon reviewing the record, the court concludes that this

action must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g), because Bea does

not qualify to proceed without prepayment of the fee.

Section 1915(b) requires the court to assess against an indigent inmate the $350.00 filing

fee for a civil action. An inmate may pay this fee through installments withheld from his inmate

account. However, § 1915(g) denies the installment payment method to those inmates who had

three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim.

An inmate-litigant with "three strikes" may nevertheless qualify to proceed under the installment

payment plan if he "is in imminent danger of serious physical injury." § 1915(g).

The United States District Court for the Eastern District of Virginia held that Bea

previously filed at least three civil actions or appeals that were then dismissed as frivolous,

malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the

opportunity to file any further civil actions without prepayment or alleging imminent physical

harm, pursuant to § 1915(g). See Bea v. Kendrick, 1:10-cv-00312 (E.D. Va. Apr. 12, 2010) (recognizing that Bea had three previous dismissals that qualified him as a "three-striker" under 28 U.S.C. § 1915(g)). Based on the Eastern District Court's findings, the court must deny Bea's request to proceed without prepayment of the filing fee unless he satisfies the "imminent physical injury" requirement of § 1915(g).

Bea's sole allegation in his complaint does not excuse him from paying the filing fee in-full. He alleges that the defendants violate federal law because they do not repair or refund the purchase costs for his earbuds. Bea's conclusory allegations are not sufficient to demonstrate that he is in imminent danger of physical harm under § 1915(g) so as to allow him to proceed without prepayment of the filing fee. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)). An inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. The serious physical injury must also be imminent at the time of filing the complaint. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Bea clearly knew from previous orders and opinions issued to him in his previous cases that he no longer automatically qualified to proceed in forma pauperis. Therefore, the court denies plaintiff leave to proceed in forma pauperis and dismisses the complaint because he fails to satisfy the harm exception to § 1915(g).[1]

III.

---

[1] Bea must pay the filing fee at the time he initiates the suit and cannot simply pay the filing fee after being denied in forma pauperis status. Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002).

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 26th day of August, 2010.

Senior United States District Judge